**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

TYEL CLAIBORNE,

Petitioner,

v. Civil Action No. 3:11CV368

DIRECTOR OF DEPARTMENT
OF CORRECTIONS,

Respondent.

**MEMORANDUM OPINION**

Tyel Claiborne, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent has moved to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Claiborne has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On February 10, 2000, a jury in the Circuit Court convicted Claiborne of first degree murder and use of a firearm in the commission of that crime. Commonwealth v. Claiborne, Nos. F-99-2878, F-99-2874, at 2 (Va. Cir. Ct. Feb. 10, 2000). On the same day, a judge convicted Claiborne of possession of a firearm by a felon in relation to the first degree murder. Commonwealth v.

Claiborne, No. F-99-2875, at 1 (Va. Cir. Ct. Feb. 10, 2000). On May 4, 2000, the Circuit Court sentenced Claiborne to life imprisonment plus eight years.

**A. Appeal After May 4, 2000 Sentencing**

On October 26, 2000, the Court of Appeals of Virginia ("Court of Appeals") denied Claiborne's appeal in part stating that the evidence adduced at trial was sufficient to support his convictions. Claiborne v. Commonwealth, No. 1282-00-2, at 3 (Va. Ct. App. Oct. 26, 2000). The Court of Appeals granted Claiborne's appeal in part and remanded Claiborne's case back to the Circuit Court for resentencing on Claiborne's murder conviction due to a jury instruction error. Claiborne v. Commonwealth, No. 1282-00-2, at 1 (Va. Ct. App. Jan. 22, 2001).

**B. Resentencing in the Circuit Court**

On July 23, 2001, the Circuit Court again sentenced Claiborne to life imprisonment for the murder conviction. Commonwealth v. Claiborne, No. F-99-2878 (Va. Cir. Ct. July 23, 2001). Claiborne failed to appeal the July 23, 2001 resentencing order.

**C. Counsel's Failure to Appeal Resentencing**

Claiborne submits two letters from his counsel, David M. Gammino, dated September 13, 2001 and September 18, 2001, indicating that the Court of Appeals of Virginia rejected

Claiborne's appeal of the July 23, 2001 resentencing because Gammino failed to file a timely petition for appeal.[1] (Pet'r's Resp. Exs. 1, 2.) In these letters, Gammino states that he enclosed with each letter a petition for a writ of habeas corpus completed by Gammino on Claiborne's behalf (the "Pre-completed Habeas"). Gammino encourages Claiborne to review and sign the petition, then mail it back to Gammino. (Id. Exs. 1, 2.) Gammino asks Claiborne to "[s]end this form back to me completed, and I [(Gammino)] will forward it to the Court. Once I do this, the Court will appoint another attorney to file your appeal with the Virginia Supreme Court." (Id. Ex. 2.) However, nothing before the Court indicates that either Claiborne or Gammino filed any habeas petition on Claiborne's behalf until July 20, 2003.

**D.   Claiborne's State Court Habeas Petitions**

On July 20, 2003, Claiborne filed a petition for a writ of habeas corpus in the Circuit Court ("First Petition"). On August 12, 2003, the Circuit Court dismissed the First Petition because Claiborne failed to submit either a filing fee or an in forma pauperis affidavit. Claiborne v. True, No. CL03-R-1684 (Va. Cir. Ct. Aug. 12, 2003).

---

[1] These letters are addressed to Claiborne at "Red Onion State Prison." (Pet'r's Exs. 1, 2.)

On October 21, 2008, Claiborne submitted a petition for a writ of habeas corpus to the Supreme Court of Virginia ("Second Petition"). On January 29, 2009, the Supreme Court of Virginia rejected the Second Petition as untimely pursuant to Virginia Code § 8.01-654(A)(2).[2] Claiborne v. Dir. of the Dep't of Corr., No. 082139 (Va. Jan. 29, 2009).

On or about April 16, 2010, Claiborne submitted another petition for a writ of habeas corpus to the Circuit Court ("Third Petition"). On April 27, 2010, the Circuit Court rejected the Third Petition as untimely pursuant to Virginia Code § 8.01-654(A)(2). Claiborne v. Johnson, No. CL10-1788 (Va. Cir. Ct. Apr. 27, 2010). Nothing before the Court indicates that Claiborne appealed this decision.

---

[2] This section states, in pertinent part, that:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2011).

**E. Claiborne's Federal Habeas Petition**

On May 27, 2011, Claiborne filed his § 2254 Petition in this Court. (§ 2254 Pet. 15.)[3] In the § 2254 Petition, Claiborne makes the following claims for relief:

Claim One: Counsel deficiently failed to investigate plausible evidence, lines of defense, witnesses, and the Commonwealth's case.

Claim Two: Counsel deficiently failed to file a timely notice of appeal.

Claim Three: The Commonwealth's Attorney denied Claiborne due process of law by failing to disclose exculpatory evidence prior to trial.

(§ 2254 Pet. 6-9.)

## II. ANALYSIS

**A. Statute of Limitations**

Respondent contends that the federal statute of limitations bars Claiborne's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[3] The Court deems the petition filed on the date Claiborne swears he placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

**1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement of the Statute of Limitations**

"The one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the

date that the resentencing judgment became final, rather than the date that the original conviction became final." Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006) (citing Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003); Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000)). Hence, thirty days after Claiborne's re-sentencing in the Circuit Court, his judgment became final for purposes of § 2244(d)(1)(A). Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (2001).[4] The Circuit Court entered Claiborne's re-sentencing order on July 23, 2001. Thus, Claiborne's conviction became final on Wednesday, August 22, 2001, the last date to file his notice of appeal. Claiborne then had one year,

---

[4] In 2001, Rule 5A:6(a) read in relevant part:

> Timeliness. — No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (Michie 2001). Thus, because Claiborne failed to file a notice of appeal, the time for seeking direct review expired thirty days after the Circuit Court entered final judgment.

or until Thursday, August 22, 2002, to file any federal habeas challenge to his conviction or sentence. Claiborne did not file the § 2254 Petition until May 27, 2011. Accordingly, the § 2254 Petition is untimely.

**C. Statutory Tolling**

Claiborne did not file any of his three state court habeas petitions prior to the expiration of the AEDPA one-year statute of limitations. Thus, none of these petitions could toll the AEDPA statute of limitations. Moreover, as explained below, none of these three petitions were "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Hence, even if Claiborne had timely submitted these state court habeas petitions, they were not eligible for statutory tolling.

To toll the statute of limitations an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).

> [A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (internal footnote omitted) (citing cases). Claiborne failed to properly file the First Petition because he neither paid the proper filing fee nor

properly requested leave to proceed in forma pauperis. Chilton v. Kelly, 3:10cv871, 2011 WL 5975242, at *3 (E.D. Va. November 29, 2011) (citing Artuz, 531 U.S. at 8; Runyan v. Burt, 521 F.3d 942, 944-45 (8th Cir. 2008); Phillips v. Culliver, No. 06-00816-KD-B, 2009 WL 3414280, at *4 (S.D. Ala. Oct. 16, 2009). Claiborne failed to properly file the Second and Third Petitions because they were untimely filed. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). These petitions, therefore, do not qualify for statutory tolling of the statute of limitations. Thus, the statute of limitations ran for 3564 days before Claiborne filed the § 2254 Petition in this Court. Accordingly, the statute of limitations bars the § 2254 Petition.

**D. Belated Commencement**

The Court must next consider whether 28 U.S.C. § 2244(d)(1)(D) entitles Claiborne to belated commencement of the limitations period. As pertinent here, the statute of limitations may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This belated commencement provision protects petitioners when they could not have brought their claims earlier.

Claiborne argues that he merits a belated commencement of the limitations period because his counsel failed to timely pursue a direct appeal from Claiborne's sentencing.[5] "Under § 2244(d)(1)(D), the limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their legal significance." McKinney v. Ray, No. 3:07CV266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008) (citing Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). Claiborne knew of counsel's failure to perfect his appeal as of September 13, 2001, the date of counsel's first letter stating as much. (See Pet'r's Resp. Ex. 1.) Claiborne has offered no explanation, however, as to why it took him almost two years after the receipt of this letter to file the First Petition in the Circuit Court and nearly eight years after the rejection of the First Petition to file the § 2254 Petition in this Court.

Nevertheless, the Court acknowledges that Claiborne's counsel failed to file a timely direct appeal through no fault

[5] Claiborne's arguments lack any assertion that he returned the Pre-completed Habeas to Gammino and Gammino failed to timely file it. While such facts might influence this Court's analysis, nothing indicates either that Claiborne returned the Pre-completed Habeas to Gammino or that Claiborne attempted to file the Pre-completed Habeas himself prior to filing the First Petition. Also, the record clearly establishes that the First Petition and the Pre-completed Habeas are not the same document.

of Claiborne's. The Court will therefore deem the statute of limitations commenced as of September 30, 2001, sixteen days after the date which appears on Gammino's letter. Thus, 28 U.S.C. § 2244(d)(1) required Claiborne to file the § 2254 Petition by Monday, September 30, 2002. Claiborne failed to do so. Accordingly, even with the benefit of a belated commencement, the § 2254 Petition is untimely.

**E. Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Claiborne fails to demonstrate that he pursued his rights diligently or that some extraordinary circumstance prevented him from filing in a timely manner. Claiborne does not attempt to

explain any other reason why he should be entitled to equitable tolling. Accordingly, Claiborne is not entitled to equitable tolling. Because Claiborne fails to demonstrate any meritorious grounds for equitable tolling of the limitation period, the § 2254 Petition will be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 4) will be granted. Claiborne's petition for relief under 28 U.S.C. § 2254 will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Claiborne is entitled to further

consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Claiborne and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 12, 2012
